# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **WILLSHIRE FARMS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION FILE** |
| ) | |
| **V.** ) | **NO.** |
| ) | |
| ) | |
| **VERDE LEAF, LLC and** ) | |
| **RAHSAAN JACKSON GARTH** ) | |
| ) | |
| **Defendant.** ) | |

_____

## COMPLAINT

COMES NOW, Willshire Farms, Inc. and files this its Complaint against Verde Leaf, LLC and Rahsaan Jackson Garth, and shows this Court as follows:

### Jurisdiction and Venue

1. Willshire Farms ("Plaintiff") is a South Carolina domestic corporation with its principal place of business in South Carolina and is a Citizen of South Carolina.

2. Verde Leaf, LLC ("Verde Leaf") is a Georgia domestic limited liability company. Upon information and belief, the Members of Verde Leaf are Citizens of Georgia and none of the Members of Verde Leaf are Citizens of South Carolina.

3. Rahsaan Jackson Garth ("Garth") is a Citizen of Georgia and is reasonably believed to reside at 223 Caitlyn Drive, Hampton, Henry County, Georgia.

4. Plaintiff seeks to recover more than $75,000.

5. By virtue of the allegations set forth above, this Court has subject-matter jurisdiction over this case.

6. By virtue of the allegations set forth above, this Court has personal jurisdiction over the Defendants.

7. By virtue of the allegations set forth above, as well as the forum selection provision in the agreements between Plaintiff and Defendant Verde Leaf, venue is proper in this Court.

## General Allegations

8. In December 2018, the Agricultural Improvement Act of 2018 was signed into law and legalized the cultivation of hemp and the sale of products derived from hemp effective January 1, 2019.

9. Plaintiff operates farms in South Carolina and North Carolina.

10. Plaintiff grew hemp at its farms in 2019.

11. Defendant Garth is the C.E.O. of Verde Leaf.

12. Defendant Garth holds Verde Leaf out as a vertically integrated industrial hemp company.

13. In early September 2019, William Bull of Willshire Farms heard Defendant Garth speak about himself and his company, Verde Leaf.

14. All actions and statements of Verde Leaf alleged herein were, unless otherwise specified, performed and made by Defendant Garth.

15. By late September 2019, Plaintiff's hemp crop was ready for harvesting.

16. The Parties discussed having Verde Leaf process and sell the Plaintiff's hemp.

17. On or about October 7, 2019, Defendant Verde Leaf entered into two "agreements" with Verde Leaf. The agreements are dated October 7, 2019 and the only difference between them relates to the location of the farms. True and correct copies of the agreements are attached hereto as Exhibits "A" and "B."

18. In the agreements, which were drafted and presented by Verde Leaf, Verde Leaf agrees:

   a. to "present a vetted buyer who shall submit a Purchase agreement for the finished product . . ." and

   b. the price for "bucked and super sacked CVD level of 10% or greater" was $20.00 per pound and $200 for smokable flour; and

   c. "Buyer [sic][1] shall receive the agreed upon purchase price 30 days post processing and is based on seller's acceptance of Purchase Agreement; and

   d. Verde Leaf would arrange for transportation.

19. On September 28, 2019, Plaintiff informed Defendant Garth that the CBD percentage on its hemp was 8.3%.

20. Despite the 10% language in the agreements, Defendant Garth was willing to move forward and promised that the product would still be sold.

21. On October 5, Defendant Garth represented to Plaintiff that Verde Leaf would have all of Plaintiff's product sold by Monday.

22. On October 7, 2019, Defendant Verde Leaf e-mailed Exhibits "A" and "B."

23. Despite having assumed responsibility for transportation in the agreements, Plaintiff ended up finding and arranging much of the transportation, including William Bull making several delivery trips to the processor himself.

24. Plaintiff's product, which was wet and contained stems, was delivered to Central Processors in South Carolina on or about October 15, 2019, for drying and bucking (de-stemming).

---

[1] Presumably, this is intended to be the Seller who gets paid and not the buyer.

25. According to Central Processors, it received 40,200 pounds of biomass, which when dried, and bucked weighed 7,209 pounds.

26. On or about November 16, 2019, Defendant Garth once again represented that "he had the end product sold."

27. Over the course of several months, Plaintiff continued to inquire about the status of the processing.  As late as March 6, 2020, Defendant Garth continued to delay and make excuses and expressly stated that the hemp had not been processed.

28. Having previously pleaded guilty and sentenced to prison for healthcare fraud, unsurprisingly, Garth's statements about the delay in processing was a lie.

29. On June 5, 2020, Central Processors Chief Operating Office Ben Dublin represented to Plaintiff that Plaintiff's hemp had been processed and bagged in November 2019.  He went on to state that Verde Leaf was in default of its payment obligations and was exhausted by the excuses.

30. Plaintiff has demanded payment for its hemp, which based on the agreements, was worth $144,180.00.

## COUNT I
## Fraud
## (All Defendants)

31. Defendants represented via text message on October 5, 2019, that it already had all of Plaintiff's product sold.

32. Defendants knew the October 5, 2019 statement was false at the time it was made.

33. Defendants' October 5, 2019 statement was made for the purpose of inducing Plaintiff into signing the agreements reflected in Exhibits "A" and "B."

34. As Defendants also hold themselves out as a vertically integrated hemp services company, Plaintiff justifiably relied on Defendants' representation that it had already sold Plaintiff's hemp in signing Exhibits "A" and "B" on October 7 and shipping its hemp to Central Processors between October 12 and 15 in 2019.

35. Defendants representation was made with the intent to deprive Plaintiff of its property.

36. As a direct result of Defendants' fraud, Plaintiff has been damaged in the amount of $144,180.00.

## COUNT II
## Breach of Contract
## (Defendant Verde Leaf Only)

37. Plaintiff satisfied all conditions complied with all conditions under the agreements.

38. Defendant Verde Leaf promised to find a vetted buyer who was to submit a purchase agreement, and further promised that the agreed upon price would be paid thirty days post processing.

39. No vetted buyer submitted a purchase agreement.

40. Thirty days post processing has passed.

41. Plaintiff has not been paid for its hemp.

42. Defendant Verde Leaf has breached the agreements with Plaintiff.

43. As a result of Defendant Verde Leaf's breach of contract, Plaintiff has been damages in the amount of $144,180.00, plus interest at the legal contract rate of seven percent (7.00%) per annum.

## COUNT III
## Promissory Estoppel
## (All Defendants)

44. Plaintiff incorporates paragraphs 31-34 above as if fully set forth herein.

45. Plaintiff has been damaged in the amount of $144,180.00.

## COUNT IV
## Attorney's Fees
## (All Defendants)

46. Plaintiff incorporates paragraphs 1-45 above as if fully set forth herein.

47. Defendants have refused, despite demand, to make Plaintiff whole compelling Plaintiff to bring this lawsuit.

48. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

49. As a result of the allegations set forth above, Plaintiff has entitled to recover its attorney's fees and expenses of litigation.

## COUNT V
## Punitive Damages
## (All Defendants)

50. Plaintiff incorporates paragraphs 1-45 above as if fully set forth herein.

51. In light of Defendants' fraud, Plaintiff is entitled to recover punitive damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

**WHEREFORE**, Plaintiff prays for a judgment in its favor as follows:

(a) For actual damages in the amount of $144,180.00, and;

(b) For pre and post judgment interest as allowed by law, and;

(c) For attorney's fees and expenses of litigation, and;

(d) For punitive damages, and;

(e) For such other and further relief deemed necessary and just by this Court.

This the 1st day of July, 2020

                              /s/ Ryan L. Isenberg
                              Georgia Bar No. 384899
                              Attorney for Plaintiff

Isenberg & Hewitt, P.C.
Attorneys at Law
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400
ryan@ihlaw.us